IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLPHUS RAY MORGAN, WILLIAM B. HALL, SUSAN O. SWANSON, and BRENDA L. KNIGHT and EDWARD J. KNIGHT, suing individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>        Plaintiffs,<br><br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; AMERICAN GENERAL FINANCIAL SERVICES INC., a Delaware corporation; A.G. DOCUMENTATION SERVICES, INC., a California corporation; AMERICAN GENERAL FINANCE, a California corporation; AMERICAN GENERAL FINANCIAL SERVICES, a California corporation and DOES 1 through 10, inclusive,<br><br>        Defendants | No. C-05-2798 MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND TO STATE COURT; VACATING HEARING** |

    Before the Court is plaintiffs' motion to remand the above-titled action to state court, pursuant to 28 U.S.C. §§ 1441 and 1447.  Defendants have filed opposition, to which plaintiffs have replied.  Having reviewed the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for September 9, 2005, and rules as follows.

**BACKGROUND**

On July 21, 2004, Adolphus Morgan and William Hall (collectively "Morgan") filed in state court a complaint ("Morgan complaint) against defendant American International Group, Inc., a Delaware corporation, American General Finance, Inc., an Indiana corporation ("AGF"), American General Finance Corporation, an Indiana corporation, and American General Financial Services, a California corporation ("AGFS California"). On August 6, 2004, Susan Swanson ("Swanson") filed in state court a complaint ("Swanson complaint") against the same four defendants, as well as American General Financial Services, Inc. ("AGFS Inc."), a Delaware corporation ("AGFS Delaware"), and American General Finance, a California corporation.

Both complaints alleged state law claims on behalf of a class, specifically persons who had loans originated by defendants within the class period. In both pleadings, plaintiffs alleged that defendants' practices constituted "predatory lending;" that they regularly employ "misleading," and other "unfair tactics" to lure borrowers into subprime loans on "unfavorable" terms; that they "flip" financially struggling borrowers into larger and larger loans, adding costs and origination fees; that they assess "steep" prepayment penalties, which make it difficult for borrowers to emerge from "disadvantageous" loans; and that they "pack" loans with insurance products that are of little or no value to the borrower but are highly profitable for defendants. (See Morgan Compl. ¶¶ 13-25; Swanson Compl. ¶¶ 19-29.)

Defendant AGFS Delaware removed the Morgan complaint on August 9, 2004 and the Swanson complaint on September 20, 2004, alleging that each complaint presented a federal question and that the parties were completely diverse. Plaintiffs thereafter filed motions to remand. In opposition thereto, defendants filed the declaration of John Ebright ("Ebright"), a corporate officer of AGFS Delaware, who represented that AGF and AGFS California, the two named trustees, do not exist. (See Pls. Req. for Judicial Notice, filed July 26, 2005, Ex. H ¶ 2.) According to Ebright, those two entities had been "inadvertently" identified on certain deeds of trust as the trustee, when, in fact, the true name of the trustee

was A.G. Documentation Services, Inc. ("AGDS").  See id.

On January 21, 2005, the Honorable Jeffrey S. White, the district judge to whom both removed cases had been assigned, granted plaintiffs' motions to remand.  The state court consolidated the two cases; thereafter, on June 17, 2005, plaintiffs, pursuant to a court order, filed a Consolidated Amended Complaint ("CAC").  As relevant herein, the CAC differs from the Morgan and Swanson complaints in that plaintiffs added AGDS as a defendant and Brenda and Edward Knight ("the Knights") as plaintiffs.  On July 8, 2005, defendants AGFS Delaware and AGDS removed the case to federal court.

## DISCUSSION

Defendants argue removal is proper, again asserting the presence of a federal question, see 28 U.S.C. § 1441(b), and, for the first time, asserting that the parties are minimally diverse within the meaning of the recently-enacted Class Action Fairness Act ("CAFA"), see 28 U.S.C. § 1332(d).

**A.  Minimal Diversity Under CAFA**

Under CAFA, a defendant may remove a class action complaint if the parties are minimally diverse and the amount in controversy, in the aggregate, exceeds five million dollars.  See 28 U.S.C. §§ 1332(d)(2), 1441(a).  CAFA "appl[ies] to any civil action commenced on or after" February 18, 2005.  See note following 28 U.S.C. § 1332, 119 Stat. 4.  Consequently, "[f]or a civil litigant to secure federal jurisdiction under CAFA, the case must have 'commenced' on or after the law's enactment date."  See In re Expedia Hotel Taxes and Fees Litigation, 377 F. Supp. 2d 904, 905 (W.D. Wash. 2005).  In the Ninth Circuit, district courts "have found that in removal cases, 'commencement' is governed by the law of the state in which the action originated."  See id. at 906 (citing cases) (internal quotation omitted).  Under California law, a civil action "is commenced by filing a complaint with the court."  See Cal. Code Civ. Proc. § 411.10.

Here, plaintiffs argue, the action commenced in 2004, when plaintiffs filed the Morgan and Swanson complaints in state court.  In response, defendants assert that because plaintiffs, on June 17, 2005, amended the complaints to include newly-named

3

parties, plaintiffs "commenced" a new action on that date.

### 1. AGDS

Defendants argue that plaintiffs, by including AGDS in the CAC, have commenced a new action, as defined by CAFA.

As noted, for purposes of removal, state law determines when a party "commences" an action. State law likewise determines whether an amendment of a pleading relates back to the date of the original pleading. See Fed. R. Civ. P. 15(c). Under California law, a court may "allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party." See Cal. Code Civ. Proc. § 473(a)(1). As a "general rule," an amendment that adds a new defendant does not relate back to the date of the original complaint. See Woo v. Superior Court, 75 Cal. App. 4th 169, 176 (1999); see also Adams v. Federal Materials Co., Inc., 2005 WL 1862378 (W.D. Ken. 2005) (holding where plaintiffs added new defendant after enactment of CAFA, amendment did not relate back and plaintiffs thus commenced new action against that defendant). When, however, an amendment corrects a "misnomer," California law recognizes an exception and allows the amendment to relate back to the original complaint. See Diliberti v. Stage Call Corp., 4 Cal. App. 4th 1468, 1470 (1992) ("[T]he allowance of amendment and relation back . . . does not depend on whether the parties are technically or substantially changed; rather the inquiry is as to whether the nature of the action is substantially changed."); see, e.g., Hawkins v. Pacific Coast Building Products, Inc., 124 Cal. App. 4th 1497, 1505 (2004) (allowing plaintiff to substitute true name of corporate entity, after statute of limitations had run, where plaintiff had originally sued that entity under fictitious name).

Here, plaintiffs state they included AGDS in the CAC as a result of defendants' having notified them that the original complaints named two nonexistent entities as trustees, because the actual trustee had been misnamed in the loan documents. By adding AGDS, plaintiffs did not "substantively change" the nature of the action, see Diliberti, 4 Cal. App. 4th at 1470, but merely corrected a "misnomer," see id. Indeed, as defendants

conceded when opposing the prior motions to remand, errors in defendants' documentation were the cause of plaintiffs' confusion as to the true name of the trustee. (See Pls. Req. for Judicial Notice, filed July 26, 2005, Ex. H ¶ 2.) In other words, from the time plaintiffs filed their original complaints, plaintiffs have named the trustee as a defendant, and, at most, they used the wrong name in identifying that entity.[1] Consequently, the claims against AGDS relate back to the filing of the original complaints.

Accordingly, the inclusion of AGDS in the CAC did not "commence" a new action for purposes of CAFA.[2]

### 2. The Knights

Defendants argue that the Knights have brought claims against defendants for the first time, thus "commencing" an action.

Under California law, "where an amendment is sought . . . the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts." Austin v. Massachusetts Bonding & Insurance Co., 56 Cal. 2d 596, 600 (1961). "Even where new plaintiffs are substituted or added . . . , the same rule applies," Jensen v. Royal Pools, 48 Cal. App. 3d 717, 721 (1975), provided the new party does not seek "to enforce an independent right," see Bartolo v. Superior Court, 51 Cal. App. 3d 526, 533 (1975). Here, plaintiffs do not allege on behalf of the Knights a claim "independent" of that of the putative class, but, rather, assert the same claims alleged by the class representatives named in the original complaints. In other words, both Morgan and Swanson, by asserting claims on behalf of the class in their

---

[1] Plaintiffs represent they will dismiss AGFS California and AGF should discovery confirm the facts stated in the Ebright declaration.

[2] This finding is in accord with decisions made by district courts that have considered whether the addition of a new defendant "commences" a new class action for purposes of the Public Securities Law Reform Act of 1995 ("PSLRA"), which, as with CAFA, applies only to cases that had "commenced" after the date of its enactment. See, e.g., McKowan Lowe & Co., Ltd., v. Jasmine, Ltd., 976 F. Supp. 293, 297-98 (D. N.J. 1997) (holding plaintiffs, by amending complaint to add defendants after date PSLRA was enacted, did not "commence" new action; finding "the word 'commenced' . . . means the date the lawsuit was filed," and that subsequent additions of parties do not "commence" new action).

5

1  original complaints, asserted the Knights's claims as well.  Put another way, defendants
2  face the same claims in the CAC as they did before the enactment of CAFA.

3        The Seventh Circuit aptly summarized the distinction between an amendment that
4  "counts" under CAFA and one that doesn't when it observed:  "[A] new development in a
5  pending suit no more commences a new suit [under CAFA] than does its removal."  See
6  Knudsen v. Liberty Mutual Insurance Co., 411 F. 3d 805, 806 (7th Cir. 2005).  "Plaintiffs
7  routinely amend their complaints, and proposed class definitions, without any suggestion
8  that they have restarted the suit - for a restart (like a genuinely new claim) would enable the
9  defendant to assert the statute of limitations."  Id.  In short, the inclusion of the Knights as
10 additional class representatives is a "development" that does not "restart" the action.

11       Accordingly, the inclusion of the Knights did not "commence" a new action for
12 purposes of CAFA.

13       **B.  Federal Question Jurisdiction**

14       In their motion for remand, plaintiffs point out that Judge White previously ruled that
15 plaintiffs' claims do not present a federal question.  Defendants, in their opposition, do not
16 articulate any reason for reconsideration of Judge White's finding.  Indeed, defendants
17 acknowledge "that the circumstances pertinent to the federal question ground for removal
18 have not changed since [Judge White's ruling]."  (See Defs. Opp'n at 19:6-7.)
19 Consequently, the Court declines to reconsider Judge White's finding that no federal
20 question exists, and, accordingly, finds that remand is appropriate for lack of subject matter
21 jurisdiction under 28 U.S.C. § 1447(c).

22                     **CONCLUSION**

23       For the reasons stated, plaintiffs' motion for remand is hereby GRANTED, and the
24 matter is REMANDED to the Superior Court of the State of California, in and for the County
25 of Alameda.

26       **IT IS SO ORDERED.**

27 Dated:  September 8, 2005

                                                MAXINE M. CHESNEY
28                                                 United States District Judge